*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1067**

Rojelio Castillo, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 13, 2015
Affirmed
Connolly, Judge**

Dakota County District Court
File No. 19HA-CR-11-4346

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James Backstrom, Dakota County Attorney, Phillip Prokopowicz, Heather Pipenhagen, Assistant County Attorneys, Hastings, Minnesota (for respondent)

        Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Connolly, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

In this postconviction appeal, appellant argues that (1) the postconviction court abused its discretion when it denied his postconviction petition where he alleged deficiencies at the Saint Paul Police Department Crime Lab that should allow him to withdraw his plea based on newly discovered evidence, a *Brady* violation, manifest injustice, and ineffective assistance of counsel; and (2) the court abused its discretion when it denied appellant's request for an evidentiary hearing where the facts asserted in the petition demonstrate that he is entitled to relief. We affirm.

## FACTS

On December 7, 2011, a police officer learned that illegal drug activity was possibly occurring at an Eagan hotel. The officer knocked on the door of the room in question, and appellant Rojelio Castillo answered. As the officer entered the room, he noticed one plastic bag of suspected marijuana, three plastic bags containing a white powdery substance, drug paraphernalia, and a large sum of money. Based on these observations, law enforcement obtained and executed a search warrant for the hotel room and seized five plastic bags containing a white crystal substance and $2,242. The state sent the suspected controlled substances to the Saint Paul Police Department Crime Lab (SPPDCL) for testing, which indicated that the seized substance was methamphetamine. The state subsequently charged appellant with one count of controlled-substance crime in the first degree (sale) in violation of Minn. Stat. § 152.021, subd. 1(1) (2010), and one count of controlled-substance crime in the first degree (possession) in violation of Minn.

Stat. § 152.021, subd. 2(a)(1) (2010). On March 21, 2012, appellant pleaded guilty to the possession charge, and the district court sentenced him to 138 months in prison.

In 2012, investigations revealed serious errors in laboratory protocols and testing processes at SPPDCL. *See Roberts v. State*, A14-0598 (Minn. App. Jan. 12, 2015) (outlining the deficiencies at SPPDCL). These problems led to SPPDCL losing its certification. On March 20, 2014, appellant petitioned for postconviction relief on the basis of widespread deficiencies in the controlled-substance testing performed by SPPDCL. In his petition, appellant alleged that (1) there was newly discovered evidence that allowed him to withdraw his plea; (2) his guilty plea was not made accurately, voluntarily, or intelligently, and that the postconviction court should allow him to withdraw his plea to correct a manifest injustice; and (3) the state violated appellant's constitutional rights by failing to disclose exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). The postconviction court denied appellant's petition and his request for an evidentiary hearing.

## D E C I S I O N

Appellant argues that the postconviction court abused its discretion when it denied his postconviction petition where he alleged deficiencies at SPPDCL that should allow him to withdraw his plea based on newly discovered evidence. We disagree.

A person convicted of a crime who claims his conviction was obtained in violation of his constitutional rights "may commence a proceeding to secure relief." Minn. Stat. § 590.01, subd. 1 (2014). The district court may summarily deny a petition for postconviction relief without an evidentiary hearing if the files and records conclusively

3

show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014). "We review a denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). In reviewing a postconviction court's decision to deny relief, issues of law are reviewed de novo and issues of fact are reviewed for sufficiency of the evidence. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007).

A. *Newly discovered evidence*

Appellant argues that the postconviction court abused its discretion when it denied appellant's petition because "the substantial and widespread problems at the SPPDCL meet the test for 'newly discovered evidence.'" We disagree.

A new trial based upon newly discovered evidence may be granted when a defendant proves: "(1) that the evidence was not known to the defendant or his/her counsel at the time of the trial; (2) that the evidence could not have been discovered through due diligence before trial; (3) that the evidence is not cumulative, impeaching, or doubtful; and (4) that the evidence would probably produce an acquittal or a more favorable result." *Rainer v. State*, 566 N.W.2d 692, 695 (Minn. 1997).

In this case, the postconviction court found that appellant's "attorney could have discovered the problems [with SPPDCL] by seeking documents regarding the lab's procedures and protocols for testing controlled substances," and that "the evidence was discoverable with due diligence." This court recently discussed a similar issue in *Roberts v. State*, 856 N.W.2d 287 (Minn. App. 2014), *review denied* (Jan. 28, 2015) (*Roberts I*). In *Roberts I*, we concluded that appellant failed to show that he could not have

4

discovered the issues with SPPDCL's testing protocols with due diligence. *Roberts I*, 856 N.W.2d at 291. We reasoned:

> [Appellant] does not claim that he made any effort to investigate the validity of the test results. Nor does he claim that anyone prevented him from doing so. Instead, he merely asserts that the deficiencies in the crime lab's procedures could not have been discovered with due diligence because no one had reason to suspect problems at the crime lab. That assertion is belied by [appellant's] postconviction submissions, which show that the defendant in the 2012 Dakota County case discovered the deficiencies.

*Id.* In this case, the record does not indicate that appellant made any effort to investigate or question SPPDCL's test results, indicating that he did not exercise due diligence in questioning the validity of the test results before pleading guilty. *See id.*

Moreover, any evidence of SPPDCL's testing problems would have constituted impeaching evidence had appellant gone to trial. "We will not grant a new trial on the basis of evidence that is merely impeaching." *Pippitt v. State*, 737 N.W.2d 221, 228 (Minn. 2007). Although appellant argues that the evidence concerning SPPDCL's procedures renders the methamphetamine inadmissible, he does not present evidence that SPPDCL's deficiencies affected his particular case. Therefore, we conclude that the evidence regarding SPPDCL's problems would affect the weight of a lab analyst's testimony, rather than preclude the evidence from being admitted. *See, e.g.*, *Sentinel Mgmt. Co. v. Aetna Cas. & Sur. Co.*, 615 N.W.2d 819, 824-25 (Minn. 2000) (holding that alleged deficiencies in an expert witness's procedures "went to the weight, rather than to the admissibility of his testimony.").

5

Additionally, under the newly discovered evidence exception, appellant must show that the evidence would probably produce an acquittal or a more favorable result. *Rainer*, 566 N.W.2d at 695. But appellant has not offered evidence indicating that the chemical composition of the seized methamphetamine in his case is not what SPPDCL said it was. Instead, he argues that "[w]ithout a valid, reliable laboratory analysis, the [s]tate cannot meet its burden of proving that the item at issue contained controlled substances. Thus, this new evidence would probably produce a dismissal of the charges, an acquittal or a more favorable result on retrial." We disagree.

At his plea hearing, appellant admitted that officers seized a substance from his hotel room that tested positive for methamphetamine. He has not produced any evidence to show that the problems at SPPDCL directly affected his case. And he did not challenge the statement in his criminal complaint that he admitted to officers in a *Mirandized* statement that he possessed the methamphetamine and that he sells methamphetamine. Because appellant has not met his burden of establishing that the new evidence regarding SPPDCL could not have been discovered with due diligence or that it would probably lead to an acquittal or more favorable result, we conclude that the postconviction court did not abuse its discretion by denying appellant's petition for postconviction relief on this ground.

B.    *Brady violation*

Appellant next argues that the state's failure to disclose SPPDCL's testing problems before trial was a violation of its obligation to disclose exculpatory or impeaching evidence under *Brady*. We disagree. To warrant a new trial due to a *Brady*

6

violation, a petitioner must establish that (1) the evidence was favorable to him as exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material, resulting in prejudice to the petitioner. *Walen v. State*, 777 N.W.2d 213, 216 (Minn. 2010).

The information regarding SPPDCL's deficiencies brings the credibility of the lab results into question and thus constitutes impeaching evidence. We therefore conclude that appellant has satisfied the first prong of the *Brady* test. But, under the second prong of the *Brady* test, appellant has not alleged any facts which indicate that the state knew of SPPDCL's problems at the time of appellant's plea. And appellant has not alleged facts to demonstrate that the facts regarding SPPDCL's deficiencies would have altered the outcome of his case. Consequently, we conclude that the postconviction court did not err by denying appellant's petition for postconviction relief based on the alleged *Brady* violation.

C.    *Manifest injustice*

Appellant argues that "[t]he [p]ost-[c]onviction [c]ourt abused its discretion when it denied [a]ppellant's motion for post-conviction relief because his plea of guilty was not made accurately, voluntarily, or intelligently." We disagree. A court shall allow a defendant to withdraw his guilty plea when "necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs if a guilty plea is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). A plea is accurate when a proper factual basis supports the conclusion that appellant is guilty. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). A plea is intelligent when

7

"the defendant understands the charges, the rights being waived and the consequences of the guilty plea." *Perkins*, 559 N.W.2d at 689 (quotation omitted).

The following exchange occurred at appellant's plea hearing:

> Q: [Y]ou came into contact with agents of the Dakota County Drug Task Force, is that correct?
> A: Yes.
> Q: As a result of that, they found in your possession a number of baggies, is that correct?
> A: Yes, sir.
> Q: You are aware that those baggies were tested and it was determined that they contained methamphetamine, is that correct?
> A: Yes.
> Q: And the approximate weight of the methamphetamine was 70 grams, is that correct?
> A: Yes, sir.
> Q: And you know that possession of methamphetamine is illegal in the State of Minnesota because that is a controlled substance?
> A: Yes, sir.

Although the test results served as a basis for appellant's plea, appellant did not at any point challenge SPPDCL's findings or claim that the seized substance was anything but methamphetamine. In fact, by pleading guilty, appellant specifically waived his right to cross-examine any witnesses or present his own defense. Therefore, we conclude that appellant has not demonstrated that his plea was inaccurate or unintelligent.

D. *Ineffective assistance of counsel*

Appellant also argues that the postconviction court erred by denying his petition for postconviction relief because his trial counsel provided ineffective assistance by failing to investigate SPPDCL's testing procedures and protocols. Again, we disagree. To prevail on a claim of ineffective assistance of counsel, appellant must demonstrate

8

that (1) "counsel's performance fell below an objective standard of reasonableness" and (2) "a reasonable probability exists that the outcome would have been different but for counsel's errors." *State v. Beecroft*, 813 N.W.2d 814, 854 (Minn. 2012) (quotation omitted). "The extent of counsel's investigation is considered a part of trial strategy," which this court generally does not review. *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004).

There is no evidence in the record to suggest that appellant told his attorney that the substance seized by law enforcement was not methamphetamine. In light of this evidence, appellant's counsel pursued a plea agreement and did not investigate SPPDCL's test results, which we conclude constitutes unreviewable trial strategy. Furthermore, even if appellant's counsel had obtained information regarding SPPDCL's deficiencies and appellant had not pleaded guilty, the strong evidence of appellant's guilt would likely have led to a conviction at trial. Consequently, we conclude that appellant has failed to demonstrate that his counsel performed below an objective standard of reasonableness and that a reasonable probability exists that the outcome would have been different but for counsel's actions.

## E. *Evidentiary hearing*

Lastly, appellant argues that the postconviction court abused its discretion when it denied appellant's request for an evidentiary hearing where the facts asserted in the petition for postconviction relief demonstrate that he is entitled to relief. Because, based on the above analysis, the files and records of the proceeding conclusively show that appellant is not entitled to relief, we conclude that the postconviction court did not abuse

9

its discretion by denying appellant's petition for postconviction relief without holding an evidentiary hearing.

**Affirmed.**